Good morning, Your Honors. May it please the Court, Robert Nersessian for the appellant, Anthony Vincent. May it also please the Court, I'd like to reserve two minutes for rebuttal, and I'll keep track of that time. Thank you. I understand, and we had an order read to us over the phone the other day that the Court stated that we should be prepared to address mootness, as the case below has since settled, frankly, after all briefing in this Court. To quickly address mootness, this case would not be moot. The governing authority would be County of Riverside v. McLaughlin. If the Court were to look at the record at page 1, it is obvious that this was brought as a class action lawsuit. The historic test of mootness in Lyons is distinguished in exactly this type of case, especially where repetition would be something that we might see. Also with respect to repetition. Well, you don't, there's no class certified. There is no class certified. And the plaintiff, lead plaintiff, has to be a member of the class. So how do you get around that requirement? Your Honor, on remand, we would substitute a new member, which is. . . Well, if you can't amend your way out of trouble in that grounds. The McLaughlin case specifically states that even if the action has abated through mootness at the time of the dismissal, that itself is not a reason to dismiss for mootness and indeed the continuing viability of a right of recovery of anybody in the prospective class because there was no certification in McLaughlin as of yet either, it certainly states the case for mootness. I would also suggest that we have the repetition circumstances in Lyons that were said that would have preserved any mootness issue. Well, that exception applies if it is capable of repetition as to this plaintiff leaving aside the class. Your Honor. So why do you believe this record supports the fact that this is capable of repetition as to your claim? See, that's one of the problems, and this is brought up in McLaughlin as well. The record that will be seen on appeal when a case is mooted after an appeal or not mooted arguably or the possibility is raised, the record won't contain the facts. But in McLaughlin, they went outside the record. And I could ask this Court to go outside the record as well. You'll see that within the record, there are cases where other at page 11, you'll see that my client is an advantaged gambler who applies a legal trade and actually makes a living as an advantaged gambler, legally gambling in Nevada. He's a card counter. Yes, Your Honor. And you'll also see within the record that there are other cost bond challenges for persons in my client's position. And I would represent to the Court, admittedly, going a bit outside the record, but still, as an officer of the Court, I myself have participated in and received 1, 2, 6, 7, 8, 8 judgments or verdicts for advantaged gamblers who were, who suffered the exact same as, same lives. So going outside the record, did they get the bond back? Pardon me, Your Honor? Did they get their bond back? I'm sorry? Did they get the bond back in those cases? Yes, they got their bond back in those cases. But any deprivation, or DICAM versus North Georgia finishing, even a temporary deprivation is a violation of constitutional rights. Isn't that what you have to kind of rely on in this case? It seems to me you've got the bond back. So if it's tough to, in an uncertified class situation on appeal, to argue on behalf of a prospective class, it seems to me the repetition, you have difficulty with the repetition yet escaping review exception, because we have all these cases, and most of them are cases like high school graduation, where if the graduates have gone on, it's not capable of repetition, and we've been pretty strict about that. That is not this case, Your Honor. That is not this case in any sense, because this is not somebody who will never be in Vegas again. This is somebody who, by the very terms of the record, makes his living in Las Vegas. We see this happen again and again. McLaughlin points out, and Lyons points out, that what you cannot expect is somebody will go out and break the law, and actually distinguishes somebody in Mr. Vincent's circumstances as somebody who can expect to see this happen again. And you see in the record that it happens time and again, and indeed it's endemic in Nevada that advantaged gamblers are backroomed. Two of the eight cases I cited have repeat plaintiffs, Your Honor. This does happen. It will happen to Mr. Vincent again, as long as he tries to undertake his living. It does not have to be a certainty. It has to be a reasonable likelihood, and subsequent Supreme Court authority has indicated that that has to be a reasonable probability. And that is something that we have here, and this is a case that can't be mooted that way, I would suggest. And also McLaughlin says that it would not be a moot in any event. And then turning to the merits of the case itself, Your Honor, this cost bond statute, I try to always add something in oral argument beyond the briefs. And what I'm going to direct the Court to is Connecticut v. Dorr and the line of cases on prejudgment attachments, Fuente v. Shevin, Mitchell v. W.T. Grant. They all stand for one proposition, and that proposition is you cannot sequester, constitutionally sequester, property of one party in favor of another party without a hearing, and under Connecticut v. Dorr, a determination of a ultimate likelihood of success on the merits. Your Honor, this is property of my client taken and held for the benefit and solely for the benefit of the defendant pending resolution of the ultimate outcome. It is taken and held without any, without any hearing on the likelihood of ultimate success on the merits. Indeed, if you'll notice from the reply brief, I believe it is, while this matter was still pending, my client received a judgment. And under Nevada authority, it was a judgment of liability. It was not a judgment determining his money damages as of yet. But under Nevada authority, his money would continue to be held by the defendant until such time as a final judgment was entered in that court. So we have, under this statute, that there is a claim by the State for rational basis, et cetera. We have people who have their money held who are ultimately going to be themselves entitled to costs. And yet they say that there's a rational basis. Actually, under Connecticut v. Dorr, you have to have the hearing, and that's the taking analysis. I would also point out, and I would just highlight this for the Court, we're dealing with Las Vegas here. At any given point, 10 to 25 percent of the people in that city are not residents of that city. We are blessed with having a population of 1,300,000, of which 250,000 of them are not residents but are taxpayers. And this State has taken away the rights of those people. This is not some isolated incidental consequence that could result in a tenuous infringement on the right to travel. Your Honor, this statute attacks a substantial percentage of the people in that community on any given day. This is a restriction on travel. It requires strict scrutiny. It cannot pass strict scrutiny. Thank you very much. Thank you, Counsel. Good morning. Michael Foley. I'm with the District Attorney's Office in Las Vegas. We're here because we're the counsel for the County Clerk's Office. On the issue of mootness, this case we've said was moot from the day it was filed. They went ahead and filed the correspondent in a state court case. They could have litigated in state court all these constitutional issues, but instead they just went ahead and filed in federal court. They named the county clerk just because the county clerk ---- What's wrong with challenging a constitutional violation in federal court? It's fine, except the courts have always said why do it on a federal question if you've already got a ---- under abstention doctrines and such, if you've already got a case ---- What are federal courts here for if not to decide federal constitutional issues? I'm not curious in general about this proposition. Your Honor, it's here to decide federal questions. Federal courts shouldn't decide federal constitutional questions because we have state courts. Of course they should. I know there are others who believe that, but ---- But then why allow state courts to decide it? Why have two systems working on the same case? I don't know. Which one do you want to eliminate? Federal courts? Take your pick. If you want a rule where you can't hear it in state court, that's fine with me. No one said you can't. But why ---- you're suggesting that they shouldn't go to federal court where there's a federal violation or a violation of the federal constitution because we have state courts? If you already ---- All right. I don't want to take your time. Well, how does that make it moot? I don't understand that. I'm not trying to say that automatically makes it moot because he filed a federal suit, but because he already was there, he could have ---- He could have. ---- waived it in the state court. Sure. But why does that matter? Instead of filing a motion saying, please excuse us from this bond. But what ---- since when does a tactical choice make a case moot? No, but I ---- in my mind, it did in this case. Well, you disapprove of it, but that's ---- They didn't even serve the other name party. It was, I thought, a pretty straightforward attempt just to hopefully whack this out. You have a lot of complaints about him, but what about the central issue here? All right. But anyway, on mootness, the old standard in Ninth Circuit court was always, you know, a case becomes moot if the court can no longer give any meaningful relief or effective relief. Factually, things have happened, and also legally, things have happened since this happened. Factually, as he stated in the state court, it went ahead and they proceeded to final judgment. They dismissed the case. The money was returned to Mr. Vincent. The only reason for naming the county clerk in this case was that she was holding the funds. She is not an enforcing officer on this statute. She doesn't enforce this. The courts do. She's simply there like your court clerk, following the court's edicts, following the statute. When their client presented the money to the clerk, she accepted it under the statute. That's her only wrong. That's the only reason for having her in this case. What relief can you grant in district court now against the county clerk of Clark County? Order her to give the money back. She already did that. Order her not to take any more money. For us on the principle that it's capable of repetition but will evade review. And he particularly claims that his client is a professional gambler who goes to Las Vegas all the time. And he said that's clear from the record. Right. Is that clear from the record? That gamblers go to Las Vegas every time? No. The plaintiff. This man did? Yes. This man is a. . . No. In the federal court record, I don't believe there is anything, Your Honor. I can tell you again. You separate the things. Okay. So he has said before us that his client is a professional gambler. He makes his living in Las Vegas gambling, and that's clear from the record, and you say it's not. I never saw anything in the federal court case record saying that he is a professional gambler returning all the time. Okay. I'll defer to your superior knowledge on that, though. No, I guess we'll ask him for a cite to the record for that. Yeah. I've seen nothing on that, Your Honor. But as far as repetition goes or other unnamed members of the class and so forth, the question in my mind is on mootness, why decide this case again? You've already decided it in a couple of cases. You cited the Merrill Lynch case. We cited everybody did in this case. And that one, you have the Oregon statute for the out-of-state plaintiff cost bond. Works very similarly to the Nevada one. In that case, you have to either post $500 or the attorney for the plaintiff has to stand for the cost. In Nevada, you can either post the $500 or get local property owners to stand for the cost. The only difference is one's a lawyer in Oregon. The other one is in Nevada. Any property owner can stand liable for your costs and you don't have to put up a bond. Of course, you also have that Russell case that we cited dealing with the Guam local rules. If you were from outside of Guam suing a local resident, this Ninth Circuit said that's okay in the local district court rules to require non-residents to post the cost bonds. So why decide this issue all over again if you already have two cases that are precedential on that? You do it legally, besides factually now that change you. I sent you a supplemental authority citation. I don't know if it was forwarded to you. The Lockett versus Domini case in Nevada. And that was just decided this summer a couple of months ago. So 110 Pacific Third 30. In that case, the court ruled on the Supreme Court ruled on this cost bond statute. Mr. Sessions arguments throughout on due process, right to travel, everything else. All were hinged on an emphatic argument that Judge Crow was dead wrong when he said these costs would be waivable under Nevada law. And he said, no, you know, this is a statute Draco would be proud of. It's just ironclad. You cannot you can't waive it. You can't do it. It's said that the statute provides the way for a waiver in the case of indigent defendants. So it doesn't. The decision says that the decision says that. Yes. Does it say anything more than indigent? Yes. Well, the way it's worded, it says here it talks about the NEC, the informer of Paris. And in this case, the defendants were trying to say it's an ironclad law. You know, the court has no authority to waive this. You have to do it. Nevada court said. Let's see. Domini and Motel argue that the district court is not authorized to exempt security requirements upon a finding of indigence. However, because neither NRS 12.015, that's the indigent statute, nor any other statute clearly and manifestly removes the district court's inherent power to waive a security bond upon a finding of indigence. And the district court appropriately waived the security requirement. Anyway, you see it in probate cases, too. I haven't practiced in years, but it used to be an executor or administrator has to in Nevada file a bond unless it's waived in the will. And people are going for the district judge all the time and say, look, you know, we have to go with this bond. I'm the only son of the decedent. You know, mom didn't put in her will that bond was waived. And they would excuse the bond, even though if you take the language of the bond in only and only that, the bond was required. But Nevada, they've always held they have the inherent powers to waive fees and costs. Well, the decision doesn't go so far as to talk about in general inherent authority, does it? It's limited to it. It's limited to insolvency. Correct. In that case, that was the issue on this one. It said their inherent power to waive fees and bonds for indigence. Right. So your position is it seems to be that courts have inherent authority to waive this bond under any circumstances. And what would those be? Well, the ones argued in this case. I want to if somebody came in and could show it was somehow inherently unfair. It's a procedural due process or a substitute for due process deprivation or, you know, just a tremendous burden on their right to travel between the states. A district judge would have the power to waive it. And under that inherent power, I want to say it seems to me his arguments were mooted just because he based so much of it on indigence couldn't get excused from this. And, in fact, the courts said they can. All right. In fact, we briefed mootness a little bit. And in the reply brief, the appellant said this case will not be moved as long as the clerk is still holding the funds. Well, now we are no longer holding the funds. At any rate, you have a situation where a clerk doesn't enforce this. She only accepts the deposits if they present them. She follows the orders of the court. She doesn't dismiss the case if it's not filed. So there is nothing a clerk as the party in this case can do or could be ordered to do that would change anything here. I'm sorry I don't have much more time or I'm out of time, I guess. But, again, looking at your precedents of the Merrill Lynch case we cited, Merrill Lynch versus Berman, and then the Guam case, this is no different than any other out-of-state cost bond. You've ruled these constitutional before. You know, you should really get someone who is an interested party in here to actually have an actual case or controversy if you're going to issue some wide-sweeping decision on all the states' out-of-state bonds. He seems pretty interested.  Thank you, Your Honors. Well, suppose we don't issue a wide-sweeping decision, just a narrow one declaring the statute unconstitutional.  If you have a burning desire to wipe out out-of-state cost bonds, then it's not moot. But otherwise, why revisit two previous 933 cases? If we want to act like a Federal court, you know, we could do that. No. Thank you. Thank you. For Judges Honey, if the record would be looked to at pages 11 and 12, the Federal court record does indeed include a description of Mr. Vincent as an advantaged gambler. 1112 of the excerpt? Of the excerpt of record, yes. It is the underlying State court complaint. Moreover, at the record at, and this is in Mr. You're talking about page 3 of the complaint? Pardon? Yes, page, well, yes, page 3 and 4 of the complaint. All right. Where in that do you say that he's a professional gambler? He just says he was, you complain that he wasn't. 11 or 12? Yeah. 10 or 11. Plaintiff is a, plaintiff, as a skilled card counter, was asked not to play any more than 21 at the table. Plaintiff was a business invitee. Plaintiff was counting cards and detained for the same. This activity is not. It doesn't say he's a professional gambler, though. Pardon? It doesn't say he's a professional gambler. Makes his living in Las Vegas, which is what you represented. Well, and, you know, at that, maybe I overstated a little bit, and I do apologize for that. Indeed, he does. And, well, that's the problem with moveness, Your Honor, is that. This is what you have, that we have to, I think that's. Well, we have to. In terms of the record, this is what you want us to look at. It's not a repetition, Your Honor. Again, if, at ERO, at ER 21, we see a demand for security of costs made against two other advantaged gamblers or two other people who were card counting or advantaged gambling at a casino. So it is, there is stuff in the record. This does happen repeatedly. And you have my representation as an officer of the court of eight judgments or verdicts as well for just this type of activity. But, unfortunately, they got their bond back. Pardon? Unfortunately, they got their bond back. Well, Your Honor, again, looking at North Georgia Finishing v. DICAM, and I do think that this is absolutely critical. It is a misnomer to say that somebody who had their money taken and then later gets it back wasn't injured. There is injury. There's injury in the deprivation. There's injury in the time value of money. I would point out that a Tenth Circuit case, there it is, Utah Animal Rights Coalition v. Salt Lake City Corporation, 371 F. 3rd 1248, $1 in nominal damages destroys mootness, Your Honor. Our complaint asks for relief under 1983. Under 1983, we'd be entitled to damages. The defendant had our money. We'd be entitled to interest. There is no mootness there. Did you ask for damages in this case? No, we did not ask for them specifically. Now, this would not be a cure-all amendment because the court is empowered to grant whatever relief a party is entitled to under the notice that is given in their pleading. And in our complaint, we definitely notify the defendant that there is a 1983 violation here, and it involves holding money. I notice my time is up. I would point out that the State of Nevada case that was cited, what that is, is a statement that they have the inherent common law authority to overrule the legislature without any reason because that's what they did. And I would ask the Court if they have – if the Court has any questions, and I'd be happy to help. Are you saying that the case that unmootness, where you say that we can take notice of facts beyond the record, is McLaughlin the defendant? Yes, Your Honor, because in that case, they had a public defender, and they made the assumption beyond the record that he would have this case come up time and again. Now, in this case, we have the similar type thing. Okay. So you give the clerk the citation to the case you're relying on for that. If it's McLaughlin, you say. But it says that, in your view, says that when mootness arises on appeal, we can look beyond the record. Your Honor, McLaughlin says that, and I will give the clerk the cite, and I would also point out that don't look beyond the record. There's no place to look at all, and there's no place to come up the other way either. All right. Thank you very much. The case just argued will be submitted. The Court will take a brief recess.
judges: Reinhardt, Thomas, Restina